**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Julian C. BETHEL, Jose L. Jasso, Jr., and Jose L. Jasso, Sr.,**
Defendants–Appellants.

Nos. 01–3036, 01–3049, 01–3050.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 22, 2003.

Decided March 24, 2003.

Before FLAUM, Chief Judge MANION, and WILLIAMS, Circuit Judges.

### ORDER

Jose Jasso, Sr. and Jose Jasso, Jr. each appeal the imposition of one criminal history point under United States Sentencing Guideline (U.S.S.G.) § 4A1.1(a)(1) for a state battery conviction. Julian Bethel appeals the district court's decision to sentence him as a career criminal under U.S.S.G. § 4B1.1. We affirm.

From 1995 through early 2001, the Jassos, Bethel, and a host of co-defendants who have not appealed their convictions conspired to sell large quantities of marijuana. As part of their scheme, the Jasso organization allowed Juan Ibarra to live rent-free in a home in Deforest, Wisconsin, and in return Ibarra allowed the Jassos to store marijuana at the residence. In June 1998, Ibarra and the Jassos had some sort of a falling out, and Jose Jr. and Jose Sr. were part of a group of men who beat, kicked, and pistol-whipped Ibarra. Both father and son were convicted in state court of "substantial battery" for the attack.

During the course of the marijuana conspiracy, Bethel was having his own anger management problems. In 1995, Bethel pinned his girlfriend to the wall and choked her. Shortly after loosening his grip, Bethel magnanimously stated: "I could have killed you, but I didn't." Like the Jassos, Bethel did not escape liability for his violent outburst. He was charged with, and convicted of, "substantial battery" as a repeater under Wisconsin's Repeat Offenders Statute. That offense is punishable by up to three years in prison.

When the marijuana operation was finally exposed in 2001, Bethel and the Jassos were indicted for conspiracy to distribute, and possession with intent to distribute, marijuana. All three pleaded guilty. During sentencing, the government argued, based on Ibarra's version of events, that the Jassos' assault on Ibarra was part of the "relevant conduct" of the offense of conviction because the Jassos assaulted Ibarra due to his reluctance to continue storing marijuana in his house. Initially, the Jassos contested the government's version of events. In his letter objecting to the pre-sentencing report, Jasso Jr. argued through his lawyer that the beating was due to Ibarra's "making derogatory statements regarding the Jasso family" and had "nothing to do with the marijuana distribution." Similarly, Jasso Sr. maintained that Ibarra's version of events was "not credible." Before sentencing, however, both of the Jassos reversed course, arguing that their attack on Ibarra was, in fact, part of the offense of marijuana distribution.

This sudden change in recollection presented the district court with the age-old question: "Are you lying now or were you lying then?" The district court concluded that the Jassos were lying at the time of sentencing and telling the truth when they had earlier claimed that their battery of Ibarra had nothing to do with drug trafficking. The district court found as a matter of fact that the record demonstrated that the Jassos had not attacked Ibarra because Ibarra refused to let them store marijuana in the house. This worked to the Jassos' detriment because, once the district court determined that the battery was not part of the relevant conduct for which the Jassos had been convicted, it was free to, and did, impose one criminal history point for the state battery conviction under U.S.S.G. § 4A1.2(a)(1). Bethel had no better luck before the district

court, which sentenced him as a career offender under U.S.S.G. § 4B1.1 based on his state conviction for substantial battery and a 1994 conviction for distributing cocaine. Both of the Jassos and Bethel appeal.

We turn first to the Jassos' appeals, which hinge on the argument that the district court wrongly concluded that their battery of Ibarra was not conduct related to their marijuana conspiracy. We review for clear error the district court's finding that a prior state felony conviction was unrelated to the conspiracy charge for which the Jassos were sentenced. *United States v. Brooks,* 114 F.3d 106, 107 (7th Cir.1997). The record before the district court showed that the Jassos first maintained that their battery of Ibarra had nothing to do with the marijuana conspiracy. Only later, perhaps when they realized that their version of events would lead to a higher sentence, did the Jassos reverse tack and agree with Ibarra's version of events, maintaining that they had beaten him as part of the marijuana conspiracy. On this evidence, a reasonable factfinder could conclude that the Jassos' first version of events (the one that cut against their own interests) was the more credible, and that they had beaten Ibarra for reasons having nothing to do with the drug conspiracy. Where, as here, the sentencing court adopts one of several reasonable inferences from the record, we shall not find a clear error of fact. *United States v. Unthank,* 109 F.3d 1205, 1212 n. 4 (7th Cir.1997).

We turn now to Bethel's appeal. Bethel argues that he was ineligible for sentencing as a career criminal because, before a district court may sentence a defendant as a career criminal under U.S.S.G. § 4B1.1, that defendant must, *inter alia,* "have at least two prior convictions that are crimes of violence or drug offenses," and Bethel

contends that he does not meet this criterion. Because it is undisputed that Bethel has a 1994 conviction for possession of cocaine with the intent to distribute, the dispositive question is whether his conviction for attacking his girlfriend was a crime of violence.

A crime of violence is any offense punishable by imprisonment for at least one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another or, ... presents a serious potential risk of serious injury to another." U.S.S.G. § 4B1.2(a)(1). Obviously, the latter element is met as to Bethel's conviction of substantial battery. Battery is an inherently forceful offense, as the facts of this case illustrate: Bethel himself contemporaneously boasted that he "could have killed" his girlfriend when he strangled her. As to whether Bethel's substantial battery conviction was punishable by imprisonment for at least one year, we must look to the maximum penalty to which he was exposed. *United States v. Bissonette,* 281 F.3d 645, 646–47 (7th Cir.2002).[1] In Bethel's case, that penalty was three years, and we therefore hold that his substantial battery conviction was punishable by imprisonment for at least one year. *Id.*

In his brief, Bethel also attempts to argue that, because his 1994 cocaine distribution conviction served as the basis to give him a longer sentence as an "habitual offender" for the substantial battery charge, it would be "double counting" to allow the 1994 conviction to cause his later conviction for substantial battery to once again enhance his sentence. The government correctly argues that Bethel forfeited this issue by not arguing it before the district court. We thus must review the issue for plain error. *United States v. Walton,* 255 F.3d 437, 441 (7th Cir.2001). Reversal for plain error is warranted only where the district court's mistake caused "an actual miscarriage of justice." *United States v. Humphrey,* 154 F.3d 668, 670 (7th Cir.1998) (internal quotation omitted). Bethel does not explain, and we do not apprehend, why sentencing him as a career criminal would be a miscarriage of justice. *See generally United States v. Trotter,* 270 F.3d 1150, 1155–56 (7th Cir. 2001) (rejecting a "double counting" argument in the context of U.S.S.G. § 7B1.1). The enhancement is designed to end this career, and the district court did not err in applying it.

AFFIRMED.

---

1. At oral argument, Bethel's attorney conceded that *Bissonette* was dispositive of his appeal, and that he had no non-frivolous argument to make for Bethel. We therefore offered Bethel twenty-one days within which to file an argument on his own behalf. Bethel has failed to do so.